1  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   Harvey I. Saferstein (SBN: 49750)
2  Nada I. Shamonki (SBN: 205359)
   1620 26th Street, Suite 150 South
3  Santa Monica, California 90404
   310.586.3200
4  Fax 310.586.3202
   HSaferstein@Mintz.com
5
   Attorneys for Defendant
6  SKYLINE SOFTWARE SYSTEMS, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 | GOOGLE INC.,                        ) Case No. C 04-4922 MEJ
12 |                  Plaintiff,         )
   |                                     ) Honorable Maria-Elena James
13 |        v.                           )
   |                                     ) **DEFENDANT'S MOTION TO DISMISS**
14 | SKYLINE SOFTWARE SYSTEMS, INC.,     ) **OR STAY**
15 |                  Defendant.         )
   |                                     ) Date:  January 27, 2005
16 |                                     ) Time:  10:00 a.m.

17

18

19  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20  PLEASE TAKE NOTICE THAT on January 27, 2005 at 10:00 a.m. in this Court, Defendant

21  Skyline Software Systems, Inc. (hereinafter "Skyline" or "Defendant") will and hereby does move

22  this Court for an order to dismiss or stay Plaintiff's Complaint.  The motion is made on the grounds

23  that a prior pending proceeding of identical subject matter is currently before the United States

24  District Court for the District of Massachusetts.  Granting this motion to dismiss or stay at this time

25  is in the interest of justice and will promote the efficient resolution of all claims between the parties.

26

27

28

                                              1
**DEFENDANT'S MOTION TO DISMISS OR STAY; CASE NO. C 04-4922 MEJ**
LAX 2701v1

       The motion is based on this Notice, the Memorandum of Points and Authorities and the supporting Declarations of H. Joseph Hameline and Aharon Yaron filed herewith, the other papers and records on file in this action, and such further oral and documentary evidence as may come before the Court upon the hearing of this matter.

Dated:  December 13, 2004               Respectfully submitted,

                                        **MINTZ, LEVIN, COHN, FERRIS,
                                        GLOVSKY AND POPEO, P.C.**


                                        By: _____/s/_____
                                            Harvey I. Saferstein
                                            Nada I. Shamonki

                                            Attorneys for Defendant
                                            SKYLINE SOFTWARE SYSTEMS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Skyline Software Systems, Inc. ("Skyline") is a small software company headquartered in Massachusetts, seeking to protect its patent from infringement. Skyline filed a complaint against Keyhole, Inc. ("Keyhole") for infringement of United States Patent No. 6,496,189 ("the '189 Patent')[1] in the United States District Court for the District of Massachusetts, on May 28, 2004. Keyhole was recently acquired by Google, Inc. ("Google") on October 27, 2004. Now, over six months after Skyline brought its patent infringement lawsuit against Keyhole in Massachusetts, Google has asked this Court to rule upon the very issues presently pending before the District Court in Massachusetts. For the reasons stated below, this Court should prevent Google from pursuing its lawsuit in the Northern District of California, which is essentially an attempt to litigate the exact issues pending before another federal court. Skyline requests that this Court either dismiss Google's Complaint in its entirety, or stay this action pending the resolution of the Massachusetts proceedings.

### I. FACTS

Nearly seven months before Google filed this declaratory judgment action against Skyline, Skyline brought a three count patent infringement action against Keyhole in the United States District Court for the District of Massachusetts, alleging infringement, contributory infringement, and inducement of infringement of the '189 Patent, which was duly and legally issued to Skyline in 2002. The parties then unsuccessfully attempted to resolve the matter. Skyline's patent infringement action in Massachusetts District Court was initially captioned <u>Skyline Software Systems, Inc. v. Keyhole</u>, Civil Action No. 04-11129 DPW (D. Mass.).[2] See Complaint for Patent Infringement and Demand for Jury Trial ("Skyline Complaint"), Attached to Affidavit of H. Joseph Hameline ("Hameline Affidavit") as Exh. A . Like Skyline, Keyhole sells and offers for sale software that provides 3D graphics, mapping and visualization for geographic locations, and Keyhole's products are made available through the internet. Skyline Complaint, at ¶¶ 4 and 6. Skyline's Complaint alleges that Keyhole infringes Skyline's '189 Patent by making, selling, using

---

[1] The '189 Patent is entitled "Remote Landscape Display and Pilot Training" and applies to technology used and developed by Skyline to create its software products.
[2] As will be discussed *infra*, Skyline has since moved to amend its Complaint to include Google as a party. If Skyline's motion is granted, the case will be captioned <u>Skyline Software Systems, Inc. v. Keyhole, Inc. and Google, Inc.</u>, Civil Action No. 04-11129 DPW (D. Mass.).

3

**DEFENDANT'S MOTION TO DISMISS OR STAY; CASE NO. C 04-4922 MEJ**
LAX 2701v1

and/or offering for sale software systems and apparatus that practice Skyline's patented invention. Skyline Complaint at ¶ 8.

Keyhole answered Skyline's Complaint and filed a counterclaim against Skyline in Massachusetts District Court on November 2, 2004. See Defendant Keyhole, Inc.'s Answer and Counterclaim ("Counterclaim"), Attached to Hameline Affidavit as Exh. B. In its Counterclaim, Keyhole has asked the District Court in Massachusetts for a judgment holding that the '189 is invalid, id. at ¶ 13, and a judgment that Keyhole does not directly or indirectly infringe the '189 Patent. Id. at ¶ 18.

Skyline also has filed a motion to amend its complaint to add Google as a defendant. See Plaintiff's Motion For Leave To Amend Its Complaint To Add Google, Inc. As a Defendant and First Amended Complaint For Patent Infringement and Demand for Jury Trial, Attached to Hameline Affidavit as Exh. C.

Google purchased Keyhole on October 27, 2004. See Hameline Affidavit, Exh. D. As part of that acquisition, Keyhole employees became employees of Google. See id. Keyhole's president became the general manager of Google's new Keyhole Group. See Hameline Affidavit, Exh. E.. Google now directly markets and sells these same Keyhole products that practice Skyline's patented invention. See Hameline Affidavit, Exh. F.

On November 3, 2004, Keyhole filed a motion to transfer Skyline's Massachusetts patent infringement action to the Northern District of California. Hameline Affidavit, at ¶ 4. Given its small size and the strong presumption in favor of the plaintiff's choice of forum, Skyline has vigorously opposed Keyhole's motion to transfer venue. Hameline Affidavit, at ¶ 5. A hearing date on Keyhole's motion to transfer and for the Scheduling Conference to discuss discovery and related scheduling in the Massachusetts action is set for December 20, 2004. Hameline Affidavit, at ¶ 6. Throughout the proceedings in Massachusetts District Court, Keyhole has been represented by the same counsel from Fenwick & West, LLP that represents Google in this action. Hameline Affidavit, at ¶ 7.

After learning of Google's purchase of Keyhole, counsel for Skyline sent a letter to Google,

1 advising Google of Skyline's claims against Keyhole, and informing Google that, with its
2 acquisition of Keyhole, Google now infringes Skyline's patent. See November 16, 2004 Letter of H.
3 Joseph Hameline, Esq. to David C. Drummond, Esq., Attached to Hameline Affidavit as Exhibit G.
4 In this letter, Skyline's attorney provided Google with the opportunity to attempt to resolve this
5 dispute. See id. Google never responded to the letter.

Google then filed this action for declaratory judgment against Skyline, seeking declaratory and injunctive relief. Complaint For Declaratory Judgment of Patent Infringement and Invalidity ("Google Complaint"), at ¶ 1. In its Complaint Google asserts precisely the same claims previously asserted in the Massachusetts action. In short, Google has asked this Court to issue a declaratory judgment that Google does not infringe the '189 Patent and that the '189 is invalid. Id.

## II. ARGUMENT

### A. Google's Case Should Be Dismissed Under The "First To File" Rule.

Under the "first to file" rule, also known as the federal comity doctrine, a district court has the discretion to transfer, stay, or dismiss an action when a complaint involving substantially similar parties and issues has already been filed in another federal court. VISX, Inc. v. Garabet, 2000 WL 1929328, *2 (N.D. Cal. 2000) (citing Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991); Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989)). This rule primarily serves to promote judicial economy and "should not be disregarded lightly" Alltrade, 946 F.2d at 625 (quoting Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979)).

Skyline filed its patent infringement against Keyhole in Massachusetts District Court on May 28, 2004, nearly seven months prior to Google's filing of this declaratory judgment action against Skyline in the Northern District of California. Clearly, this was not an instance where the two parties "raced to the courthouse," with one party filing its lawsuit only hours or days after the other and thereby losing its chance to select its own forum. Instead, Keyhole, which is now part of Google, has already answered and counterclaimed against Skyline in Massachusetts. The court in

Massachusetts is familiar with the issues, has scheduled a Scheduling Conference, and a hearing on the pending motions in that action for December 20, 2004.

Months have passed since the original lawsuit was filed, and yet Skyline may be forced to defend itself in the Northern District of California against the very claims that it previously brought and are pending in Massachusetts. Because Skyline filed its patent suit first in its home forum months before Google filed this action, the federal comity doctrine clearly provides that Google's later, duplicative action should be dismissed. See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982) ("Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with the second action.").

### B. Google's Action In California Is Duplicative Of Skyline's Patent Suit in Massachusetts.

A suit is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions." Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993); see also Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (citing Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). Here, there is little doubt that the parties and the issues involved in the first action, filed by Skyline in the District Court of Massachusetts, and this declaratory judgment action filed by Google upon its acquisition of Keyhole,[3/] are identical. Accordingly, Google's declaratory judgment action is exactly the type of duplicative litigation that the Ninth Circuit and other federal courts across the

---

[3/] In its Complaint, Google does not acknowledge its acquisition of Keyhole on October 27, 2004, and the immediate actions taken by Google to market and sell Keyhole's patent infringing technology. Press releases appearing after Google's acquisition of Keyhole clearly indicate that Google is actively involved in the operation of Keyhole. Keyhole employees have now become employees of Google. See Hameline Affidavit, Exh. D. The day after Google acquired Keyhole, Google slashed the price of one of Keyhole's leading software products. See id. Google also began to feature an advertisement for Keyhole and a link to Keyhole's website on the Google internet home page. See Hameline Affidavit, Exh. F. Google currently advertises Keyhole as a "Google Tool," which it offers to all visitors to the Google website. See id.

country have sought to avoid in order to stave off unnecessary, repetitive proceedings that are a drain on judicial resources. See Church of Scientology, 611 F.2d at 749 ("The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.") (citing Great Northern Ry. Co. v. Nat'l R.R. Adjustment Bd., 422 F.2d 1187, 1193 (7th Cir. 1970)).

As set forth above, the pending patent infringement action in Massachusetts District Court addresses exactly the same subject matter and legal issues now brought before this Court by Google. The same parties are involved in both cases. The same patent is at issue. The same technology is alleged to infringe. Both actions address whether Keyhole and Google are infringing on the '189 Patent, and whether the '189 Patent should be declared invalid. By bringing this action, Google has created a situation where two federal judges on two different coasts are being asked to hear the same arguments, from the same attorneys, about the same subject matter in order to obtain the same relief. Plainly, the actions are duplicative, and Google's case here against Skyline should be dismissed.

### C. Skyline's Small Size Favors Dismissal Of This Case In Favor Of The Massachusetts Action.

Skyline's relative size in comparison to Google should figure into this Court's determination of whether Google's duplicative lawsuit against Skyline proceeds in this forum. Although the size and financial strength of the parties are not always factors to be considered in the application of the federal comity doctrine, in this instance Google's position as a cash and resource rich corporation that has bought its way into this patent dispute weighs strongly against forcing Skyline to proceed in defending two identical lawsuits on two coasts.

As noted above, Skyline is a small company headquartered in Massachusetts. Affidavit of Aharon Yaron ("Yaron Affidavit"), at ¶ 2. Skyline does not have an office in California and has minimal contacts with California. Id. at ¶¶ 3 and 7. Skyline's total workforce is made up of seventeen individuals, seven of whom reside in the United States. Id. at ¶ 4. Skyline's President and a co-inventor of the '189 Patent lives and works in Massachusetts and rarely travels to California. Id. at ¶¶ 1 and 6. Other individuals in the Skyline workforce who would be necessary to this litigation reside and work either on the East Coast or in Israel. Id. at ¶¶ 4 and 5. Defending this

7

case in California would be extremely burdensome on Skyline, particularly since Skyline will be prosecuting its own, previously brought patent action in Massachusetts and simultaneously defending against Google's action here. Id. at ¶ 8.

Google, on the other hand, is a true Goliath in comparison to Skyline. Not only will Google's action in the Northern District of California be a waste of judicial resources, it will also be a drain on a fledgling software company that would forced to litigate on two coasts.

## III. CONCLUSION

Google's Complaint for Declaratory Relief asks this Court to rule on issues that are identical to those already pending before another federal court. The subject matter of the allegations, the parties, the attorneys and law firms, the evidence necessary to prove the allegations, and the form of relief requested are the same in both actions, making it clear that Google's lawsuit against Skyline is duplicative of Skyline's first filed lawsuit already pending before the District Court in Massachusetts. Further, based upon Google's acquisition of the defendant in the Massachusetts action and Skyline's subsequent effort to add Google as defendant in that case, Google should answer in that forum rather than the one that it has now chosen seven months into the proceedings.

For the forgoing reasons, Google's claims against Keyhole should be dismissed or stayed pending the resolution of the case captioned, Skyline Software Systems, Inc. v. Keyhole, Inc., Civil Action No. 04-11129 DPW, currently pending before the United States District Court for the District of Massachusetts.

Dated: December 13, 2004

Respectfully submitted,

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: _____/s/_____
Harvey I. Saferstein
Nada I. Shamonki

Attorneys for Defendant
SKYLINE SOFTWARE SYSTEMS, INC.