UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KEYHOLE, INC., )<br>)<br>    Defendant. )<br>)<br>_____) | Civil Action No. 04-11129 DPW<br><br>JURY TRIAL REQUESTED |

### DEFENDANT KEYHOLE, INC.'S
### ANSWER AND COUNTERCLAIM

  Defendant Keyhole, Inc., a Delaware Corporation ("Keyhole"), sued herein as "Keyhole Corporation," hereby answers the Complaint of Plaintiff Skyline Software Systems, Inc. ("Skyline") and also counterclaims as follows. The numbered paragraphs herein correspond to the numbered paragraphs of the Complaint.

### JURISDICTION

  1.  The allegations in Paragraph 1 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Keyhole admits that Skyline purports to state a cause action under the federal patent statutes. Keyhole admits that this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for civil actions arising under the patent laws of the United States. In all other respects, Keyhole lacks sufficient knowledge to form a belief as to the truth of these allegations, and therefore denies these allegations.

### VENUE

  2.  The allegations in Paragraph 2 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Keyhole admits

that venue is proper under 28 U.S.C. § 1400(b), but avers that this district is not the most convenient forum and that the action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404. As to the remaining allegations, except as expressly admitted or averred, Keyhole denies these allegations.

## THE PARTIES

3.  Keyhole lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies these allegations.

4.  Keyhole lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies these allegations.

5.  Keyhole admits that it is a Delaware corporation with its principal place of business at 1100A L'Avenida, Mountain View, CA, which is within the Northern District of California.

6.  Keyhole admits that it is in the business of selling and offering for sale software that provides 3D earth visualization utilizing geographic/geospatial information and earth imagery data. In all other respects, Keyhole denies the allegations in Paragraph 6.

## COUNT I

7.  Keyhole admits that, on its face, U.S. Patent No. 6,496,189 ("the '189 Patent") issued on December 17, 2002. Keyhole admits that, on its face, the '189 patent is entitled "Remote Landscape Display and Pilot Training." Keyhole admits that what appears to be a copy of the '189 patent was attached to the Complaint. In all other respects, Keyhole lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies these allegations.

8.  Keyhole denies each and every allegation in paragraph 8.

9.  Keyhole denies each and every allegation in paragraph 9.

10. Keyhole denies each and every allegation in paragraph 10.

## COUNT II

11. Keyhole admits that, on its face, U.S. Patent No. 6,496,189 ("the '189 Patent") issued on December 17, 2002. Keyhole admits that, on its face, the '189 patent is entitled "Remote Landscape Display and Pilot Training." In all other respects, Keyhole lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies these allegations.

12. Keyhole denies each and every allegation in paragraph 12.

13. Keyhole denies each and every allegation in paragraph 13.

14. Keyhole denies each and every allegation in paragraph 14.

## COUNT III

15. Keyhole admits that, on its face, U.S. Patent No. 6,496,189 ("the '189 Patent") issued on December 17, 2002. Keyhole admits that, on its face, the '189 patent is entitled "Remote Landscape Display and Pilot Training." In all other respects, Keyhole lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies these allegations.

16. Keyhole denies each and every allegation in paragraph 16.

17. Keyhole denies each and every allegation in paragraph 17.

18. Keyhole denies each and every allegation in paragraph 18.

19. Keyhole denies that Skyline is entitled to the relief requested in Paragraph A of the Complaint.

20. Keyhole denies that Skyline is entitled to the relief requested in Paragraph B of the Complaint.

21. Keyhole denies that Skyline is entitled to the relief requested in Paragraph C of the Complaint.

22. Keyhole denies that Skyline is entitled to the relief requested in Paragraph D of

the Complaint.

23. Keyhole denies that Skyline is entitled to the relief requested in Paragraph E of the Complaint.

24. Keyhole denies that Skyline is entitled to the relief requested in Paragraph F of the Complaint.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense-Unenforceability, Laches, Waiver & Estoppel*

25. Skyline's claims are unenforceable and/or barred by the doctrines of laches, waiver, and/or estoppel.

### *Second Affirmative Defense-Noninfringement*

26. Keyhole has not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringed any valid claim of the '189 Patent.

### *Third Affirmative Defense- Invalidity*

27. The '189 Patent is invalid under one or more of the following sections of Title 35 of the United States Code: 102, 103, 112, 115, 132, 253, and 288.

### *Fourth Affirmative Defense-Patent Misuse*

28. Keyhole is informed and believes a reasonable opportunity for further investigation or discovery is likely to produce evidence supporting, and Keyhole thereon avers, that the relief sought by Skyline is barred under the doctrine of patent misuse.

### *Fifth Affirmative Defense-Failure to State a Claim*

29. Skyline's Complaint and each and every claim set forth therein fail to state a claim upon which relief can be granted.

### *Sixth Affirmative Defense-Forum Non Conveniens*

30. Skyline is barred from pursuing its claims in the District of Massachusetts under the doctrine of *forum non conveniens*.

### *Seventh Affirmative Defense-Unconstitutionality*

31. To the extent that Skyline seeks an award of enhanced damages pursuant to its allegations of willful infringement or otherwise, such damages are barred and/or prohibited by the United States Constitution.

### *Eighth Affirmative Defense-Reservation of Rights*

32. Skyline has failed to set forth the allegations of the complaint with sufficient particularity to provide Keyhole with a sufficient basis to form a belief as to whether they may have additional, as yet unstated defenses. Keyhole reserves the right to assert additional defenses in the event that discovery or investigation reveals that they would be appropriate.

## COUNTERCLAIMS

## PARTIES, JURISDICTION & VENUE

1. Keyhole, Inc. is a corporation organized and existing under the laws of Delaware and has its principal place of business in Mountain View, California.

2. As alleged in its complaint, Skyline is a corporation organized and existing under the laws of Delaware and has its principal place of business at 500 West Cummings Park, Woburn, MA.

3. Keyhole counterclaims against Skyline pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the United States courts, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 13. An actual controversy exists because Skyline contends, and Keyhole denies, infringement of the '189 Patent.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5. Skyline is subject to personal jurisdiction in this judicial district because as alleged in its complaint, its corporate headquarters are within this District at 500 West Cummings Park, Woburn, MA.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), although as averred in Keyhole's answer, this District is not the most convenient forum and the entire action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404.

7. Skyline has accused Keyhole of directly infringing, contributorily infringing, and inducing infringement of the '189 Patent. Keyhole denies such allegations.

8. Skyline claims to be the sole owner f the '189 Patent.

### FIRST COUNTERCLAIM – INVALIDITY

9. Keyhole repeats here and incorporates by reference the allegations contained in Paragraphs 1-8 of this Counterclaim.

10. The '189 Patent is invalid under one or more of the following sections of Title 35 of the United States Code: 102, 103, 112, 115, 132, 253, and 288.

11. An actual and justiciable controversy exists between the parties as to the validity of the '189 Patent, as evidenced by Skyline's Complaint charging Keyhole with infringement and Keyhole's defenses of invalidity.

12. It is necessary and appropriate that the controversy between the parties over the invalidity of the '189 Patent be resolved in a single proceeding with binding effect on all parties.

13. Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Keyhole is entitled to a judgment holding that the '189 Patent is invalid, and awarding Keyhole the damages it has suffered from Skyline's unlawful assertion of the '189 patent.

### SECOND COUNTERCLAIM – NONINFRINGEMENT

14. Keyhole repeats here and incorporates by reference the allegations contained in Paragraphs 1-13 of this Counterclaim.

15. Keyhole does not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringe any claim of the '189 Patent.

16. An actual and justiciable controversy exists between the parties as to the non-

infringement of the '189 Patent, as evidenced by Skyline's Complaint charging Keyhole with infringement and Keyhole's defense of noninfringement.

17.  It is necessary and appropriate that the controversy between the parties over the non-infringement of the '189 Patent be resolved in a single proceeding with binding effect on all parties.

18.  Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Keyhole is entitled to a judgment holding that it does not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringe the '189 Patent, and awarding Keyhole the damages it has suffered from Skyline's unlawful assertion of the '189 patent.

**WHEREFORE**, Keyhole demands a trial by jury, and prays that the Court enter judgment for Keyhole and against Skyline as follows:

(a)  dismissing the Complaint with prejudice, and denying the relief requested by Skyline and any relief whatsoever;

(b)  declaring that Keyhole has not directly or indirectly, literally, or by the doctrine of equivalents, infringed, or contributed to or induced infringement of, the '189 Patent;

(c)  declaring that the '189 Patent is invalid;

(d)  awarding to Keyhole its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(e)  awarding to Keyhole its costs and expenses; and

(e)  awarding Keyhole such other relief as the Court deems just and reasonable.

///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Keyhole respectfully requests a trial by jury of all issues properly triable by jury in this action.

Dated: November 2, 2004

By its Attorneys,

FENWICK & WEST LLP

/s/ Darryl M. Woo
---
Darryl M. Woo, admitted *pro hac vice*
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Phone: (415) 875-2300
Fax:    (415) 281-1350

Nelson G. Apjohn (BBO No. 020373)
NUTTER McCLENNEN & FISH LLP
World TradeCenter West
155 Seaport Boulevard
Boston, MA 02210
Phone: (617) 439-2000
Fax:    (617) 310-9000

*Of Counsel admitted Pro Hac Vice:*
Darryl M. Woo
Maclain Wells
Kent Kemeny
FENWICK & WEST LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
(415) 875-2300

Attorneys for Defendant and Counterclaimant
Keyhole, Inc.

22472/00401/LIT/1201849.1